# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Angela Rife Wilson, guardian and
next friend of Landon Rife, infant,
Plaintiff Below, Petitioner**

**FILED**
**December 16, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 19-0933** (Monongalia County 18-C-102)

**Richard Kerr, M.D., et al.,
Defendants Below, Respondents**


## MEMORANDUM DECISION


Petitioner Angela Rife Wilson, guardian and next friend of Landon Rife, by counsel David A. Sims, appeals the orders of the Circuit Court of Monongalia County denying her motion to amend the complaint and granting respondents' motion to dismiss (entered on June 5, 2019) and denying her motion for relief from judgment (entered on September 11, 2019). Respondents Richard Kerr, M.D., Women's Healthcare of Morgantown, Inc., and Monongalia County General Hospital, Inc. appear by counsel Ancil G. Ramey, Crystal I. Bombard-Cutright, and Robert L. Bailey. Respondent West Virginia University Hospitals, Inc. appears by counsel Christine S. Vaglienti, and Matthew P. Moriarty. Respondents Tyler Prouty, M.D. and the West Virginia University Board of Governors appear by counsel David L. Shuman and Roberta F. Green. Amici curiae The West Virginia Mutual Insurance Company, The West Virginia Hospital Association, and The West Virginia State Medical Association appear by counsel Thomas J. Hurney, Robby J. Aliff, and Blair E. Wessels.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision dismissing petitioner's appeal is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner Angela Rife Wilson gave birth to Landon Rife by emergency C-section surgery on February 2, 2006, approximately seven to eight weeks prematurely, after the nurse practitioner/midwife attending to her detected fetal distress. Ms. Wilson had multiple care providers and presented at two hospitals prior to delivering her son, and each respondent played a part in Ms. Wilson's and Landon's care. Once born, Landon remained in the neonatal intensive care unit for twenty-seven days.

1

Twelve years later, on February 2, 2018 (Landon's twelfth birthday), Ms. Wilson provided a notice of claim and screening certificates of merit in accordance with West Virginia Code § 55-7B-6. She then filed a complaint in the Circuit Court of Monongalia County on March 7, 2018, asserting that Landon suffered in utero hypoxia resulting in several lifelong, debilitating conditions. Respondents filed separate motions to dismiss for failure state a claim upon which relief could be granted, based on petitioner's forwarding of the notice of claim and screening certificate on Landon's twelfth birthday. In doing so, respondents argued that petitioner failed to comply with then-West Virginia Code § 55-7B-4(b) (now subsection c):

> A cause of action for injury to a minor, brought by or on behalf of a minor who was under the age of ten years at the time of such injury, shall be commenced within two years of the date of such injury, or <u>prior to</u> the minor's twelfth birthday, whichever provides the longer period.

(Emphasis added.) After conducting hearings and giving the motions to dismiss due consideration, the circuit court dismissed Ms. Wilson's complaint on the basis that it was not timely filed.

In support of her appeal, Ms. Wilson submitted to this Court a thirty-two-page appellate brief. In preparing her lengthy brief, however, petitioner neglected a critical element. She failed to set forth a single assignment of error. In their brief, respondents called our attention to this deficiency, but did not seek relief of the Court. Upon receiving the responsive brief, Ms. Wilson neither filed a reply brief nor sought to correct the omission. Our rules provide:

> Assignments of Error: The brief opens with a list of the assignments of error that are presented for review, expressed in terms and circumstances of the case but without unnecessary detail. The assignments of error need not be identical to those contained in the notice of appeal. The statement of the assignments of error will be deemed to include every subsidiary question fairly comprised therein. If the issue was not presented to the lower tribunal, the assignment of error must be phrased in such a fashion as to alert the Court to the fact that plain error is asserted. In its discretion, the Court may consider a plain error not among the assignments of error but evident from the record and otherwise within its jurisdiction to decide.

R.A.P. 10(c)(3). In a preceding subsection, the rules convey that the directives set forth in Rule 10 are not merely guidelines, but rather are requirements. R.A.P. 10(a). The consequences for noncompliance are potentially severe; "[t]he failure to file a brief in accordance with this rule may result in the Supreme Court refusing to consider the case, denying oral argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate." Rule 10(j).

The Rules of Appellate Procedure reserve unto us the ability to suspend the rules where our judgment deems necessary, and to ensure that the function of "substantial justice" is not ravaged by requirements of form. A review of our decisions reveals our historical leniency with litigants' inattention to detail. We often are driven to great lengths through incomplete appendices

2

or poorly cited records to perform an assessment.[1] We are fond of reminding the parties that appear before us that we "are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991); *accord Teague* [*v. Bakker*], 35 F.3d [978] at 985 n.5 [(1994)]; *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994). Notwithstanding this concern, some litigants' failure to attend to basic detail leaves us performing generous exploration in the pursuit of substantial justice.

In the case before us, however, we do not believe substantial justice is served in our overlooking the failure of a litigant to succinctly state the point at which she believes the lower court stumbled. An assignment of error is a vital tool in promoting judicial economy and ensuring that no party finds his position inequitably represented. The practice of opening a brief with a series of assignments of error serves to alert the Court to the singular issue or issues that may have adversely affected the outcome before the trial court. In this way attorneys, as officers of the Court, assist us in approaching lengthy briefs and vast appendix records as focused surgeons rather than general practitioners charged with whole-body triage. In a similar manner, a petitioner's presentation of an assignment of error allows a respondent to address the focused issue, confident that he did not fail to discern a determinative argument buried in petitioner's prose. This courtesy is imperative to equitable function, averting the danger that the Court and respondent may discern different issues from a petitioner's lengthy, free-flowing argument. This benefit, in turn, inures to the petitioner, ensuring that a responsive pleading does not throw the appeal into an unexpected rabbit hole.

For these reasons, we emphasize that substantial justice is not served when the Court is asked to perform this most basic function of a petitioner's appellate practice, and we caution the bar that we are loath to put respondents in the difficult position of identifying assignments of error that should have been carefully articulated by opposing counsel.

For the foregoing reasons, we dismiss the appeal.

Dismissed.

**ISSUED:** December 16, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker

---

[1] Respondents note that we recently admonished a litigant for failure to assert assignments of error as we decided his appeal in a memorandum decision on the merits. *See State v. Fitzpatrick*, No. 18-0273, 2020 WL 200890 (W. Va. Jan. 13, 2020) (memorandum decision). The simplicity of that case, between the State and the criminal defendant, governed in large part by a decisive plea agreement, does not compare with the complexity of the case now before us. Here, the number of named defendants alone underscores the need for a clear recitation of the asserted error, so that every respondent may have the benefit of addressing the same clearly assigned error.

Justice Evan H. Jenkins

**DISSENTING:**

Justice Margaret L. Workman
Justice John A. Hutchison


Hutchison, J., dissenting:

 I dissent to the majority's decision to dismiss this appeal for failure to comply with the Rules of Appellate Procedure.  The majority's claim that it does not know what error is being asserted in this appeal is simply disingenuous.  Although the petitioner did not include a list of assignments of error in her brief, she attached a statement of her alleged errors to the Notice of Appeal form.  Moreover, the final order indicates that the circuit court dismissed this case as untimely filed and rejected the petitioner's claim that West Virginia Code § 55-7B-4(b) (now subsection c) violates the equal protection clause of the West Virginia Constitution.  The issues on appeal are readily apparent, and as the majority notes, the respondents did not ask this Court to dismiss this appeal based on the deficiency in the petitioner's brief.  Our Rules of Appellate Procedure allow for the suspension of any requirement or provision thereof and mandate that the "[r]ules shall be construed to allow the Supreme Court to do substantial justice."  R.A.P. 2.  Substantial justice is not achieved when an appeal is dismissed based on a technicality.  It merely provides the majority an excuse to avoid addressing a specific issue.  This appeal should have been considered on the merits.  Accordingly, I respectfully dissent.

 I am authorized to state that Justice Workman joins in this dissent.